IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JORGE ANTONIO QUIROZ BARAHONA, <br><br> *Petitioner*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; BRET BRADFORD, Acting Assistant Field Office Director of the Houston Field Office of U.S. Immigration and Customs Enforcement; and ALEXANDER SANCHEZ, Warden, IAH Polk Adult Detention Facility, in their official capacities, <br><br> *Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:25-CV-00343 <br> JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jorge Antonio Quiroz Barahona's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jorge Antonio Quiroz Barahona ("Barahona") is a Honduran national who has resided in the United States since 2007. [Dkt. 1 at ¶¶ 7, 12]. On November 24, 2025, United States Immigration and Customs Enforcement ("ICE") detained Barahona. *Id.* at ¶ 14. On December 10, 2025, Barahona was denied bond by the immigration court. *Id.* at 15.

On December 18, 2025, Barahona brought a habeas corpus petition, claiming that his

1

detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Barahona challenges the legality of his detention on, essentially, three separate grounds. [Dkt. 1 at ¶¶ 47–81]. First, he claims that the INA does not allow the Government to detain him during removal proceedings. Second, Barahona claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. Third, Barahona argues that his detention violates due process because he is eligible for custody redetermination.

### A. Detention Pending Removal Proceedings

Barahona first challenges the Government's authority to detain him while removal proceedings are pending.. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

---

[1] 8 U.S.C. § 1101 et seq.

Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Barahona argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Barahona is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1 at ¶ 68].[2]

## B. Custody Redetermination

Barahona next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge[3], which he applied for and did not receive. *Id.* at ¶ 49. In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Barahona receive a custody redetermination, a custody redetermination would not necessarily result in Barahona's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Barahona's continued detention, rather than his release from custody. *Id.*

---

[2] His *Bautista v. Santacruz* arguments are of no consequence. Petitioner cites no law dictating this Court's obligations to follow decisions rendered by other district courts. Furthermore, the *Bautista* court has yet to decide "how [those] parties will proceed with" that case. 2025 WL 3288403 at *10. While Petitioner argues this constitutes a final judgment, *Bautista* appears by its own terms to be ongoing litigation. *Compare id. with* [Dkt. 1 at ¶ 43].

[3] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

Accordingly, the Government's failure to provide a custody redetermination does not entitle Barahona to habeas relief.[4] *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

Because Barahona has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Barahona's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 19th day of December, 2025.**

Michael J. Truncale
United States District Judge

---

[4] Barahona's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.